UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-20616-CIV-LENARD/SIMONTON

ROBERT J. MYERBURG, M.D.,
individually,

    Plaintiff,

vs.

MEDTRONIC, INC.,
a Minnesota Corporation,

    Defendant.
_____/

## MEDTRONIC, INC.'S MOTION FOR FINAL SUMMARY JUDGMENT

    Medtronic, Inc. (Medtronic") merged with Physio-Control International Corporation ("Physio") in 1998. The proposed merger was introduced to Medtronic by Morgan Stanley & Company ("Morgan Stanley") at the instance of Physio. Plaintiff Robert Myerburg ("Myerburg") played no role in that introduction. The negotiations were conducted by senior representatives of the two companies. Plaintiff Myerburg played no role in those negotiations. During the time frame within which the negotiations were conducted, Plaintiff Myerburg presented an unsolicited marketing plan (the "Plan") to Medtronic. That marketing plan played no role in the Medtronic decision to merge.

    Armed with certainty, but no facts, Plaintiff Myerburg sued Medtronic for his share of the profits he speculated the merger might bring. Believing that the facts would be sufficient to deal with his claim, Medtronic flew Myerburg and his counsel to Minneapolis, at Medtronic's expense, to demonstrate that the merger had been initiated before he appeared on the scene and

1

that his Plan had played no role whatsoever in anything that had occurred between the two companies. The plaintiff dismissed his lawsuit.

Nothing changed between the time of that dismissal and March 17, 2003, when this lawsuit, identical in all material regards to the 1998 action, was filed.

The marketing Plan contained four elements: (1) a relationship between Medtronic and some unnamed automatic external defibrillator ("AED") company; (2) joint marketing and joint technical support by Medtronic and the AED company; (3) creation of a nationwide data base regarding AED sales and success rates; and (4) use of that data base for "target" marketing of Medtronic's product.

As to the first element, Plaintiff has stated: "I have no reason to not accept the idea that Morgan Stanley brought the concept [of acquiring an AED company] to [Medtronic] prior to my visit." Exhibit 17, Myerburg Deposition ("Dep.") at 24:1-9. In fact, Medtronic already had an ownership interest in an AED company and had been considering a relationship with an AED company as part of its strategic plan for years before Myerburg made a similar suggestion. Exhibit 1, Michael Ellwein ("Ellwein") Dep. at 21:10-22; 38:25-39:17; Exhibit 9, Jon Tremmel ("Tremmel") Dep. at 11:5-20; 16:9-17:4; 24:6-8; Exhibit 2, Ellwein Affidavit ("Aff.") at ¶¶ 4-6; Exhibit 3, Glen Nelson ("Nelson") Aff. at ¶¶ 2-3; Exhibit 5, Bobby Griffin ("Griffin") Aff. at ¶ 2. As to the second element, Medtronic and Physio do not engage and never have engaged in joint marketing or technical support, both of which are directly contrary to the concept behind the merger with Physio, which was intended to be and has remained an autonomous operation. Exhibit 17, Myerburg Dep. at 24:14-17; Exhibit 8, Richard Martin ("Martin") Dep. at 58:6-20; Exhibit 5, Griffin Aff. at ¶ 21; Exhibit 2, Ellwein Aff. at ¶ 18; Nelson Aff. at ¶ 7. Physio's

former chairman described such a proposed combination of sales forces as "pure folly" Exhibit 8, Martin Dep. at 58:6-20.

As to the remaining elements, there is no data base; the data described in Myerburg's Plan have never been and are not collected by either Medtronic or Physio and, accordingly, there is no target marketing. Exhibit 17, Myerburg Dep. at 154:1-20; Exhibit 2, Ellwein Aff. at ¶ 18; Exhibit 5, Griffin Aff. at ¶ 22; Exhibit 3, Nelson Aff. at ¶ 8.

There is, unfortunately, only hubris. The Doctor's apparently unshakeable belief, whatever the facts, that his unusable and unused plan entitles him to compensation for a merger conceived, initiated and executed without a scintilla of his involvement, direct or indirect.

WHEREFORE, pursuant to Federal Rule of Civil Procedure 56(c) and Local Rule 7.5, and as supported by Defendant's Concise Statement of Undisputed Material Facts in Support of its Motion for Final Summary Judgment and Memorandum of Law in Support of its Motion for Final Summary Judgment, Medtronic, Inc. hereby respectfully requests that this Court enter an Order granting final summary judgment on all the claims filed by the Plaintiff.

3

Dated May 14, 2004.

                                        Respectfully submitted,

                                        STEEL HECTOR & DAVIS LLP
                                        200 S. Biscayne Blvd., Suite 4000
                                        Miami, Florida 33131
                                        Tel.:   305.577.7057
                                        Fax.   305.577.7001

                                        Counsel for the Defendant

By: _____
                                        Alvin B. Davis, P.A.
                                        Florida Bar No. 218073
                                        abd@steelhector.com
                                        Digna B. French
                                        Florida Bar No. 0148570
                                        dfrench@steelhector.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served by U.S. Mail this 14th day of May, 2004, upon counsel for the plaintiff: Guy B. Bailey, Jr., Esq., Bailey & Dawes L.C., Continental Plaza, Suite 301, 3250 Mary Street, Coconut Grove, Miami, Florida 33133.

                                        By: _____
                                               Alvin B. Davis

MIA2001 274225v1

Steel Hector & Davis LLP