UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 03-20616 – CIV-COOKE/McALILEY

ROBERT J. MYERBURG, M.D.
individually,

        Plaintiff,

vs.

MEDTRONIC, INC.,
a Minnesota corporation,

        Defendant

NIGHT BOX
FILED

AUG 18 2004

## DR. MYERBURG'S MOTION TO REINSTATE CIVIL THEFT CLAIM AND TREBLE DAMAGES AND SUPPORTING MEMORANDUM

Plaintiff, Dr. Myerburg respectfully moves this Honorable Court to reinstate his claim for treble damages for civil theft.  As grounds therefor, Dr. Myerburg would show unto the Court as follows:

1. The Court entered an Order on Defendant's Motion to Dismiss and advised Dr. Myerburg that although he had pled sufficient facts to support a claim for civil theft, and had previously served a civil theft demand letter, he needed to send yet another civil theft demand to Medtronic.  Judge Lenard's June 8, 2004 Order states:

> Because the Court has found that the Plaintiff alleged
> sufficient facts to proceed, at this juncture, with a

> claim of civil theft, the Court must address the issue
> of notice pursuant to Fla. Stat. § 772.11. ... The
> Plaintiff has provided proof of a §772.11 notice in the
> prior suit that the parties voluntarily dismissed. The
> Plaintiff has not cited to any authority in support of
> the Plaintiff's apparent belief that notice in the prior
> suit was sufficient. Accordingly, Plaintiff's claim of
> civil theft is dismissed without prejudice. The
> Plaintiff must file a notice pursuant to § 772.11 in the
> instant action before proceeding with a claim of civil
> theft.

2. Dr. Myerburg has complied and served Medtronic with a new civil theft demand letter.

3. Dr. Myerburg therefore submits that the claim for civil theft should be reinstated.

4. Footnote 4 of the June 8th Order cites the authority erroneously submitted by Medtronic:

> The Court notes however that under Florida law,
> damages for civil theft can only be trebled where
> there is no contractual relationship between the
> parties. Rosenthal Toyota, Inc. v Thorpe, 824 F. 2d
> 897, 902 (11th Cir. 1987) (citing Rosen v. Marlin,
> 486 So. 2d 623, 624 (Fla. 3d DCA 1986)

6. According to the U.S. Southern District Court in *Targia v. U.S. Alliance Management Corp.*, 23312749 WL 3 (S.D. Fla. 2003):

> [T]he mere existence of a contractual relationship
> between the parties does not preclude actions for
> civil theft and conversion. (citing *Tinwood, N.V v.
> Sun Banks, Inc.,* 570 So.2d 955, 961 (Fla. 5th DCA
> 1990)

In *Masvidal v. Ochoa,* 505 So. 2d 555, 556 (Fla. 3d DCA 1987), the Third

District clearly distinguished and limited its earlier *Rosen v. Marlin*

decision:

> Moreover, we are not persuaded by the argument
> that no civil theft or conversion occurred in this
> case because there was a contractual relationship
> between the parties.
>
> ***
>
> We do not read *Rosen v. Marlin,* 486 So.2d 623
> (Fla. 3d DCA), *pet. for review denied,* 494 So.2d
> 1151 (Fla.1986) to preclude this result because
> there, unlike this case, the parties had a legitimate
> contractual dispute over the amount of a debt
> owed, and no embezzlement whatever occurred in
> that case.

7. Dr. Myerburg is entitled to treble damages for a finding of civil theft

as was the plaintiff in *Gordon v. Omni Equities, Inc.,* 605 So.2d 538

*(Fla. 1st DCA 1992),* where the court found that the trial court had

incorrectly stricken an award of treble damages where recovery was

Myerburg, S..D. vs. Medtronic, Inc.
Case No. 03-20616 CIV-COOKE
Magistrate Judge McAliley
Page 4 of 4

not sought pursuant to terms of a contract, but rather the existence of the contract was only incidental to the alleged felonious schemes. In points of law, fact, and logic, there is no such thing as a civil theft claim without treble damages.

Respectfully submitted,

Bailey & Dawes, L.C.
Counsel for Robert J. Myerburg, M.D.
3250 Mary Street, Suite 301
Miami, Florida 33133
(305)374-5505
(305)374-6715 Fax

By: _____
    Guy B. Bailey, Jr.
    Florida Bar No. 96095
    Kristina M. Bakardjiev
    Florida Bar No. 587400

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was furnished via U.S. Mail to Medtronic's counsel, Alvin B. Davis, Esquire, Steel Hector & Davis, First Union Building, Suite 4000, 200 South Biscayne Boulevard, Miami, Florida 33131-2310, this _____ day of August, 2004.

_____
Of Counsel